# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG HWAN KIM,<br><br>                   Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | CASE NO. 07cr0152 JM<br>CIVIL NO. 07cv2207 JM<br><br>**ORDER DENYING MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

      Petitioner, proceeding in propia persona, moves to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that he was entitled to a downward sentencing departure under 18 U.S.C. § 3553(b) and a post conviction downward departure for rehabilitation. He further argues that he received ineffective assistance of counsel at sentencing because he should have received a downward departure for his status as a deportable alien. The government opposes the motion. For the reasons set forth below, the court hereby **DENIES** the motion.

**I.    BACKGROUND**

      On April 5, 2007, pursuant to a written plea agreement, Petitioner pleaded guilty to one misdemeanor and two felony counts of illegal entry in violation of 8 U.S.C. § 1325. (Resp., Ex. A ("Plea Agreement") at 2.) In exchange, the government agreed to dismiss the indictment charging Petitioner under 8 U.S.C. § 1326. (Id.) Additionally, the plea agreement provided that the parties would jointly recommend a base offense level of 8, a sixteen-point upward departure for a previous

deportation and conviction of a violent crime,[1] and a three-level downward departure for acceptance of responsibility, amounting to a total offense level of 21.  (Id. at 7.)  The parties agreed that Petitioner's criminal history was a category IV, resulting in a guideline range of 57 to 71 months.  (Id. at 8; Resp., Ex. C ("Judgment and Sentencing Hearing") at 8.)  The parties would further jointly recommend a sentence of 48 months in prison.  (Id.)  The plea agreement also provided,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing.

(Plea Agreement at 9, ¶ XI.)

During the April 19, 2007 plea colloquy before Magistrate Judge Jan M. Adler, Petitioner indicated that he understood he was giving up his right to appeal and collateral attack and that he otherwise understood the plea agreement in its entirety.  (Resp., Ex. B ("Plea Colloquy") at 20.)  Magistrate Judge Adler found that Petitioner was competent to enter the plea and that he gave a "knowing and intelligent waiver of each [of his] rights . . . ."  (Id. at 23: 13–17.)  On May 25, 2007, this court accepted Petitioner's guilty plea and sentenced Petitioner to 48 months in prison, followed by a one-year term of supervised release.  (Judgment and Sentencing Hearing at 9.)  Petitioner stated that he understood that he waived his "right to appeal or in any other way attack or challenge either the convictions . . . or the sentence imposed . . . ."  (Id. at 10: 17–21.)

On November 19, 2007, Petitioner filed a motion to vacate and correct his sentence under 28 U.S.C. § 2255.  Petitioner claims the following: (1) he was entitled to a downward sentence departure under 18 U.S.C. § 3553(b) due to post conviction rehabilitation; and (2) he received ineffective assistance of counsel because counsel failed to obtain a two-point downward departure for his status as a deportable alien.  (§ 2255 Mot. at 2–4.)

Respondent opposes the § 2255 motion on the following grounds: (1) Petitioner voluntarily and knowingly waived his right to appeal or collateral attack his sentence and conviction; and (2) even

---

[1]On August 12, 1996, Petitioner was convicted of First Degree Burglary in violation of California Penal Code § 460(a), an aggravated felony, in Orange County, California.  (Plea Agreement at 3.)

if Petitioner did not waive his right to appeal or collaterally attack, Petitioner's ineffective assistance of counsel argument fails on the merits. (Oppo. at p.1.)

## II. DISCUSSION

### A. Petitioner Waived His Right to Collateral Attack

#### 1. Legal Standards

Section 2255 provides, in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Ninth Circuit regularly enforces knowing and voluntary waivers of appellate rights in criminal cases where the waivers are part of negotiated guilty pleas and do not violate public policy. United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." Id. at 1068 (citing United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994)). If a waiver of appellate rights was made knowingly and voluntarily, inquiry into the waiver's validity must end. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). A valid waiver bars a defendant from challenging his conviction and sentence. Id. The Ninth Circuit, however, has indicated that exceptions to this rule may exist in limited circumstances, including where a § 2255 petition challenges a plea agreement's validity by way of an ineffective assistance of counsel or involuntariness claim. Washington v. Lampert, 422 F.3d 864, 870–71 (9th Cir. 2005).

#### 2. Analysis

Respondent argues that Petitioner cannot collaterally attack his sentence because he knowingly and voluntarily waived his right to appeal and collateral attack in his plea agreement. (Oppo. at p.3.) Petitioner initialed each page of the plea agreement and stated during the plea colloquy that he had an opportunity to go over each paragraph in a language that he understood. (Plea Colloquy at 11: 16–19.) Furthermore, Petitioner stated that he was satisfied with the advice he received from his attorney and that he had no questions about the plea agreement. (Id. at 12.) Petitioner's § 2255

1  motion does not address whether he made his waiver knowingly and voluntarily.

2  The plea agreement's language clearly embraces a waiver of any collateral attack on Petitioner's sentence, including a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). Furthermore, Petitioner does not challenge the voluntariness of his waiver or otherwise inform the court of any other reason to invalidate his waiver. The record reflects that Petitioner's waiver was knowing and voluntary. Accordingly, the court concludes that Petitioner validly waived his right to collaterally attack his sentence. Nguyen, 235 F.3d at 1182.

### B. Petitioner Fails to Demonstrate Ineffective Assistance of Counsel

#### 1. Legal Standards

Even if Petitioner did not validly waive his right to collaterally attack his sentence, his ineffective assistance of counsel claim fails on the merits. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. A defendant who pleaded guilty must demonstrate that, but for counsel's errors, he would not have pleaded guilty and instead, would have insisted on going to trial. United States v. Hill, 474 U.S. 52, 59 (1985). There is, however, a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance." Strickland, 466 U.S. at 689.

#### 2. Analysis

Petitioner appears to argue that he received ineffective assistance of counsel because his counsel failed to argue for sentencing departures. Citing United States v. Rhodes, 145 F.3d 1375 (D.C. Cir. 1998), Petitioner states that he had "maintained a clear conduct" and has been "making efforts at rehabilitating himself" and, therefore, is entitled to a post conviction downward sentence

1  departure under U.S. Sentencing Guidelines § 5K2.19. (§ 2255 Mot. at 3: 15–18.) <u>Rhodes</u>, however,
2  only applies when a court is resentencing a defendant following an appeal. <u>Id.</u> at 1379 (holding that
3  courts may consider post conviction rehabilitation at resentencing). <u>Rhodes</u>, therefore, is inapplicable
4  here.

5       Petitioner further claims that counsel "misrepresented and misadvised the plea . . . [and] the
6  condition of his plea bargain . . . in as much counsel knew that defendant's whole behavior and guilty
7  plea was structured to avoid a plea agreement that would not result in a long sentence." (§ 2255 Mot.
8  at 5: 15–20.) There is, however, no evidence that counsel misrepresented the plea agreement to
9  Petitioner. Counsel secured a 48-month sentence even though Petitioner's exposure was higher.[2]
10 Furthermore, Petitioner consistently represented that he was satisfied with counsel's performance.
11 In the plea agreement, Petitioner agreed that he "consulted with counsel and is satisfied with counsel's
12 representation." (Plea Agreement at 10: 16.) Additionally, at the plea colloquy, Petitioner stated that
13 he was satisfied with his counsel's advice. (Plea Colloquy at 12: 5–8.) Petitioner's declarations
14 concerning counsel's performance "were made in open court under oath and thus carry a strong
15 presumption of verity." <u>United States v. Grewal</u>, 825 F.2d 220, 223 (9th Cir. 1987) (citing <u>United
16 States v. Rivera-Ramirez</u>, 715 F.2d 453, 458 (9th Cir. 1983)). Petitioner, therefore, fails to present
17 a claim of deficient performance rising to the level required by <u>Strickland</u>.

18      Petitioner also requests that the court grant him a two-point downward departure for his status
19 as a deportable alien. (§ 2255 Mot. at 4: 10–12.) The court sentenced Petitioner to 48 months in
20 prison, which was well below his advisory guideline range of 57 to 71 months. (Judgment and
21 Sentencing Hearing at 8.) The plea agreement reduced Petitioner's sentence to 48 months despite his
22 criminal history, which includes a first degree burglary in violation of California Penal Code § 460(a).
23 (Plea Agreement at 3.) Petitioner's 48-month sentence was the result of upward and downward
24 departures provided for in the plea agreement. Petitioner received the exact sentence that he
25 negotiated for in the plea agreement. Furthermore, Petitioner has not demonstrated that, but for
26 counsel's advice, he would not have pleaded guilty and would have instead insisted on going to trial.
27 <u>Hill</u>, 474 U.S. at 59. As in <u>Freeny</u>, it is "improbable that [petitioner] would have chosen to go to trial
28

---

[2] Petitioner faced a potential sentence of 57 to 61 months in prison. (<u>See</u> Plea Colloquy at 15.)

1   or, if convicted, would have received a sentence less than" the sentence he actually received. <u>United
2   States v. Freeny</u>, 841 F.2d 1000, 1002 (9th Cir. 1988). The court, therefore, concludes that Petitioner
3   fails to identify any prejudice within the meaning of <u>Strickland</u>.

4       In sum, the court hereby **DENIES** Petitioner's motion to vacate or correct his sentence
5   pursuant to 28 U.S.C. § 2255.

6       **IT IS SO ORDERED.**

7   DATED: October 27, 2008

8                                              Hon. Jeffrey T. Miller
9                                              United States District Judge

    cc: all parties